UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

BRULE RESEARCH ASSOCIATES TEAM, L.L.C.,

    Plaintiff,

v.                                                     Case No. 08-C-1116

A.O. SMITH CORPORATION and
A.O. SMITH WATER PRODUCTS COMPANY,

    Defendants.

---

DECISION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 60)
AND DISMISSING CASE

      Defendants A.O. Smith Corporation and A.O. Smith Water Products Company filed a motion to dismiss the first amended complaint on the grounds that plaintiff Brule Research Associates Team, LLC, failed to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Because the amendments to the False Marking Statute set forth in the Leahy-Smith America Invests Act support the dismissal of plaintiff's claims, defendants' motion will be granted and this case dismissed.

      To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 555 (2007). On the other hand, for a complaint to survive a dismissal motion under Rule 9(b) "a party must state with particularity the circumstances constituting fraud or mistake."

Here, the first amended complaint filed on August 24, 2011, sets forth 25 counts of false marking by defendants in violation of 35 U.S.C. § 292. Plaintiff alleges at paragraph two that defendants have violated the statute by "falsely marking articles with expired patents for the purpose of deceiving its [sic] competitors and the public into believing that such articles are covered by the falsely marked patents." (First Am. Compl. ¶ 2.) Paragraphs 68-117 of the first amended complaint identify the expired patents and the year they expired. Not one paragraph refers to anything but an expired patent.

Plaintiff is identified as a "Limited Liability company organized and existing under the laws of Virginia" with an office at 10007 N. Franklin Ct., Mequon, WI 53092. (First Am. Compl. ¶ 3.) The first amended complaint contains no other allegations regarding plaintiff. The prayer for relief seeks an injunction precluding further violations of the statute, as well as a civil monetary fine of $500 per false marking offense, and an accounting for falsely marked products. (First Am. Compl. ¶ 554.)

When plaintiff filed this action, it had standing to sue as a qui tam relator. However, on September 16, 2011, President Barack Obama signed into law the Leahy–Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011), amending 35 U.S.C. § 292. This act included the following text regarding the effective date of this provision: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Leahy–Smith America Invents Act, Pub. L. No. 112–29 § 16(b)(4), 125 Stat. 284, 329 (2011) ("the Act").

The Act made two changes to the false marking statute that are relevant to this case. First, it eliminated the qui tam provisions of the statute by providing that only the United States may sue for the civil fine that each false marking incurs. 35 U.S.C. § 292(a).

Now, a private litigant may recover damages only if it "has suffered a competitive injury." *Id.* at § 292(b). Second, the Leahy–Smith Act eliminates liability concerning products that are falsely marked because a patent has expired. New subsection (c) states "The marking of a product ... with matter relating to a patent that covered that product but has expired is not a violation of this section."

Notwithstanding the unambiguous language of the Act, plaintiff attacks the retroactive application of the Act as unconstitutional. Specifically, plaintiff argues that the retroactivity of the new § 292 is an impermissible deprivation of its vested property right to sue as a qui tam relator. According to plaintiff, an assignment relationship and contract formed between plaintiff and the United States when plaintiff accepted the government's "offer" by suing defendant for false marking. That theory is predicated on case law suggesting that the qui tam relator is the assignee of the injury. *Stauffer v. Brooks Brothers*, *Inc.*, 619 F.3d 1321, 1326 (Fed. Cir. 2010). In addition, plaintiff argues "Congress' arbitrary and irrational enactment of the retroactive amendment violates the Due Process Clause" inasmuch as there was no legitimate legislative purpose and not furthered by rational means. Further, plaintiff maintains that the retroactive application of § 292 is an unconstitutional taking because there is no public use and no just compensation for the deprivation of the relator's vested property. Finally, plaintiff asserts that the amended § 292(c) authorizes the marking of products with expired patents in perpetuity, which clashes with the limited patent grant of Article I, Section 8, Clause 8 of the Constitution.

District courts around the country have rejected identical challenges to the constitutionality of the Act. *Seirus Innovative Accessories, Inc. v. Cabela's Inc.,* 2011 WL

6400630 (S.D. Cal. Oct. 19, 2011); *Brooks v. Dunlop Mfg. Inc.*, 2011 WL 6140912 (N.D. Cal. Dec. 9. 2011); *Public Patents Foundations, Inc. v. McNeil–PPC, Inc.,* 2012 WL 527198 (S.D.N.Y. Feb. 16, 2012); *Cloverleaf Golf Course, Inc. v. FMC Corp.,* 2012 WL 948263 (S.D. Ill. Mar. 20, 2012); *Rogers v. Conair Corp.*, 2012 WL 1443905 (E.D. Pa. Apr. 25, 2012). No court has found that the United States took a vested property right from a qui tam plaintiff by eliminating a statutory cause of action with the § 292 amendments. Even if plaintiff could establish that it had a vested property right in a statutory cause of action *prior to* judgment being entered, the amendments are not void so long as the government "provide[s] an adequate process for obtaining compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194, 105 S. Ct. 3108, 87 L. Ed.2d 126 (1985). At this juncture, there is no indication that plaintiff has availed itself to or challenged the adequacy of the process.

Additionally, district courts reviewing the legislation have agreed that Congress enacted the retroactive enactment furthered a legitimate legislative purpose. *Public Patents Foundations, Inc.*, 2012 WL 527198 at *2. Notably, Congress was targeting unnecessary and counterproductive litigation costs and observed that the prior section created an incentive to litigate over false marking "far out of proportion to the extent of any harm actually suffered or the culpability of the manufacturer's conduct." *See* 157 Cong. Rec. S1360 at S1372 (daily ed. March 8, 2011)(statement of Sen. Kyl). Requiring a competitive injury serves that purpose. As a final matter, plaintiff has not presented any authority that supports its assertion that marking a product with an expired patent extends the life of the patent, nor is the court aware of any such authority

4

Because the Act requires dismissal, the court need not address defendants' arguments that the first amended complaint fails to allege that defendants made false statements in connection with their patent marking or that defendants possessed the requisite intent to deceive. Now, therefore,

IT IS ORDERED that defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE